UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:18-CR-394 JCM (PAL) |
| Plaintiff(s), | ORDER |
| v. | |
| QUARSIE KAREEM JACOBS, | |
| Defendant(s). | |

Presently before the court is Magistrate Judge Leen's report and recommendation ("R&R"). (ECF No. 39). Defendant Quarsie Kareem Jacobs ("defendant") filed an objection (ECF No. 40), to which the United States of America ("the government") responded (ECF No. 43).

Also before the court is defendant's motion to suppress. (ECF No. 21). The government filed a response (ECF No. 23), to which defendant replied (ECF No. 25).

**I.      Facts**

The parties do not object to the factual presentation in the R&R. Rather, defendant objects to Magistrate Judge Leen's legal analysis with respect to the pertinent facts. See (ECF No. 40). Therefore, the court adopts the factual representation in the R&R and will detail factual and procedural background in the discussion section of this order as necessary to explain the court's holding.

**II.     Legal Standard**

A party may file specific written objections to the findings and recommendations of a United States magistrate judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); LR IB 3-2. Where a party timely objects to a magistrate judge's report and recommendation, the

court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id*.

Pursuant to Local Rule IB 3-2(a), a party may object to the report and recommendation of a magistrate judge within fourteen (14) days from the date of service of the findings and recommendations. Similarly, Local Rule 7-2 provides that a party must file an opposition to a motion within fourteen (14) days after service of the motion.

**III.    Discussion**

Defendant moves to suppress evidence of a handgun recovered as the result of a warrantless search incident to arrest by Las Vegas Metropolitan Police Department ("LVMPD") officers on November 22, 2018. (ECF No. 21). Defendant was stopped by LVMPD Officer Villanueva for allegedly violating a Clark County jaywalking statute. (ECF No. 39 at 14).

During the course of the stop, Officer Villanueva indicated to defendant that Officer Gonzalez (who arrived after initial contact was made with defendant) would need to conduct a pat-down of defendant's person, and asked defendant if he had any weapons or narcotics on him. *Id.* In response, defendant admitted that he had "found" a gun and that it was in his pocket. *Id.* After retrieving the firearm and conducting a records check, the officers charged defendant with ownership/possession of a gun by a prohibited person, carrying a concealed weapon without a permit, and buying, possessing, or receiving stolen property. *Id.* at 2.

Officers Gonzalez and Villanueva conceded that they did not have reasonable suspicion to believe that defendant was armed and dangerous at the time of the search. *Id.* at 14. Rather, the officers had nothing more than a "hunch" that defendant could be armed. *Id.* Thus, the officers lacked the reasonable suspicion required to conduct a "pat-down" incident to an investigative stop. *Id.*

Because the officers concede that they lacked reasonable suspicion to believe that defendant was armed and dangerous, the only way the handgun could have been recovered lawfully is if the LVMPD officers had probable cause to arrest defendant for a crime already

**James C. Mahan**
**U.S. District Judge**

committed, which would have permitted the officers to conduct a search of defendant's person incident to a lawful arrest.  *See Arizona v. Gant*, 556 U.S. 332, 339 (2009).

The search incident to a lawful arrest exception to the warrant requirement allows a police officer to search an arrestee and the area within the arrestee's immediate control.  *Gant*, 556 U.S. at 339.  However, to be deemed a lawful search, the officers must have had probable cause to arrest the defendant; *i.e.,* probable cause to believe that the defendant had committed a crime prior to the arrest.  *See id*. at 339; *United States v. Mota*, 982 F.2d 1384, 1386–87 (9th Cir. 1993).

In light of the foregoing, the court must consider whether officers Villanueva and Gonzalez had probable cause to arrest defendant for jaywalking.  First, the R&R finds, and the parties do not dispute, that the stop occurred in unincorporated Clark County.  (ECF No. 39 at 17).  Therefore, the county ordinance on jaywalking applies, which provides:

> Crossing at other than crosswalks
>
> (a) Pedestrian to Yield. Every pedestrian crossing at a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right-of-way to all vehicles upon the roadway.
>
> (b) Tunnel or Overpass. Any pedestrian crossing a roadway at a point where a pedestrian tunnel or overhead pedestrian crossing has been provided shall yield the right-of-way to all vehicles upon the roadway.
>
> (c) Between Intersections. Between adjacent intersections *at which traffic-control signals are in operation* pedestrians shall not cross at any place except in a marked crosswalk.

CLARK COUNTY, NEV., CODE OF ORDINANCES 230 § 10(C) (1965) (hereafter "Jaywalking Ordinance") (emphasis added).

Here, the government "conceded that there was no evidence that [defendant] failed to yield the right-of-way to a vehicle crossing the street. . ." (ECF No. 39 at 12).  Accordingly, the court finds defendant did not violate section (a) or section (b) of the ordinance, which merely require pedestrians to yield the right-of-way to passing vehicles.  *See* Jaywalking Ordinance, sections (a)–(b).

It is also undisputed that at the location where defendant allegedly jaywalked, near the intersection of Lake Mead and Radwick, there were no traffic control devices in operation at the

1 | intersections to the immediate east or west. (ECF No. 39 at 18). Indeed, section (c) requires an

2 | individual to use a marked crosswalk only when the adjacent intersections have traffic control

3 | signals in operation. *See* Jaywalking Ordinance, section (c). Here, because it is undisputed that

4 | there were no traffic control devices at the intersections adjacent to the spot where defendant

5 | crossed the street, section (c) does not apply. *See* (ECF No. 39 at 18).

6 |      Therefore, the court finds defendant was not in violation of the Jaywalking Ordinance at

7 | the time Officer Villanueva stopped him. Nevertheless, despite the plain meaning of the

8 | Jaywalking Ordinance and the undisputed facts demonstrating that defendant did not commit a

9 | violation thereof, the magistrate judge faulted the parties for failing to cite any case law

10 | "construing" the ordinance and summarily held that officer Villanueva had probable cause to

11 | stop defendant for his purported violation. *Id.* at 18. The court finds that this holding was made

12 | in error and is not supported by the undisputed facts.

13 |      The court therefore holds that officer Villanueva did not have probable cause to arrest

14 | defendant for jaywalking and thus did not have a lawful reason to submit defendant to a pat-

15 | down. Accordingly, the firearm was recovered from defendant as the result of an illegal search

16 | conducted in violation of defendant's Fourth Amendment rights, and that evidence must be

17 | suppressed. *See Wong Sun v. United States,* 371 U.S. 471, 485 (1963); *United States v.*

18 | *Washington*, 490 F.3d 765, 774 (9th Cir. 2007) ("It is well established that, under the 'fruits of

19 | the poisonous tree' doctrine, evidence obtained subsequent to a violation of the Fourth

20 | Amendment is tainted by the illegality and is inadmissible. . .").

21 |      The court hereby adopts in part and rejects in part the magistrate judge's R&R, consistent

22 | with the foregoing. Defendant's motion is granted.

23 | **IV.    Conclusion**

24 |      Accordingly,

25 |      IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Magistrate Judge Leen's

26 | R&R (ECF No. 39) be, and the same hereby is, ADOPTED in part and REJECTED in part,

27 | consistent with the foregoing.

28 |

**James C. Mahan**
**U.S. District Judge**

- 4 -

1         IT IS FURTHER ORDERED that defendant's motion to suppress (ECF No. 21) be, and

2    the same hereby is, GRANTED.

3         DATED April 25, 2019.

4    _____

5    UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28